NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1118
_____

JAMES JOHNSON,

Appellant

v.

POLICE OFFICER FRANK PROVENZANO;
EWING TOWNSHIP POLICE DEPARTMENT;
EWING TOWNSHIP
_____

Appeal from the United States District Court
for the District of New Jersey
(No. 3-12-cv-01253)
District Judge:  Honorable Freda L. Wolfson

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 17, 2016
_____

Before:  CHAGARES, RESTREPO, and VAN ANTWERPEN Circuit Judges.

(Filed:  April 14, 2016)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

CHAGARES, Circuit Judge.

Plaintiff James Johnson appeals from the District Court's order granting summary judgment in favor of defendants Officer Frank Provenzano, Ewing Township, and the Ewing Police Department on Johnson's claims under 42 U.S.C. § 1983 and New Jersey state law. Johnson's claims stem from an allegedly false arrest in violation of the Fourth and Fourteenth Amendments. Because probable cause existed for Johnson's arrest, we will affirm.

I.

We write solely for the parties' benefit and recite only the facts essential to our disposition. Johnson's white Ford Explorer sport utility vehicle was involved in a hit-and-run accident in a parking lot in Ewing Township on August 14, 2010. A witness reported the accident. Officer Provenzano interviewed the witness, who said she saw the Ford Explorer back into her vehicle. The witness provided the license plate number of the Explorer, but was unable to describe the driver. The police determined that Johnson was the owner of the Explorer. Officer Provenzano then issued and mailed three traffic citations to Johnson that required him to appear in municipal court on September 13, 2010.[1] Although the summons was not returned undeliverable, Johnson disputes that he received it.

Johnson was employed as a police officer at the time. SafeAuto Insurance Company informed him by phone on September 9, 2010, that his Explorer was involved

_____

[1] The citations were for leaving the scene of an accident, careless driving, and failure to report an accident.

in an accident. His wife obtained a copy of the police report on September 11, and Johnson reviewed it. Johnson contends he was unaware of his court date. He did not appear. As a result, on September 17, Johnson received a bench warrant for his arrest. Johnson turned himself in to the Ewing Police Department on September 20. Johnson was detained on a bench and handcuffed by one hand at the station for a little over an hour before released on his own recognizance. He was given a new court date, October 6. At that proceeding, he demonstrated that he was not the driver of the Explorer during the accident, and the citations against him were dismissed.

Johnson filed this lawsuit. He alleged claims against Officer Provenzano for false arrest and false imprisonment under 42 U.S.C. § 1983 and state law, and for malicious prosecution and negligent and intentional infliction of emotional distress under state law. Johnson also alleged claims against Ewing Township and Ewing Police Department for failure to train under 42 U.S.C. § 1983 and for negligent hiring under state law.

The District Court granted summary judgment in favor of the defendants. The District Court held that probable cause existed to arrest Johnson because of 1) his failure to appear in court pursuant to the summons, which merited issuance of a bench warrant, and 2) the fact that he was the owner of a car involved in an accident. Based on the determination that Johnson's arrest was supported by probable cause, all of Johnson's claims failed.

Johnson timely appealed.

II.

The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We exercise plenary review over an order granting summary judgment. Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 643 (3d Cir. 2015).

III.

Under § 1983, Johnson must demonstrate deprivation of a federal right. Berg v. Cty. of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000). The central right at issue here is the Fourth Amendment's prohibition on arrests without probable cause. See id. at 269.

Johnson was not arrested for traffic violations. He failed to appear for his traffic summons and a court issued a bench warrant for his arrest. Johnson was detained pursuant to that warrant. It is irrelevant whether Johnson could be arrested simply because a vehicle he owned was involved in an accident — "[t]he simple fact of nonappearance [for his summons] provided . . . probable cause . . . for a bench warrant." In re Grand Jury Proceedings Harrisburg Grand Jury 79-1, 658 F.2d 211, 214 (3d Cir. 1981). Accordingly, probable cause existed for Johnson's arrest, and there was no Fourth Amendment violation. See Luckes v. Cty. of Hennepin, Minn., 415 F.3d 936, 939 (8th Cir. 2005) ("Because Luckes was named in a valid bench warrant [due to his failure to pay fines] . . . probable cause for his arrest pursuant to that warrant was established."); United States v. Spencer, 684 F.2d 220, 223 (2d Cir. 1982) ("[T]he police, armed with

4

the warrant, had authority to find and seize Spencer anywhere they could find him for his failure to appear in court.").

Johnson nonetheless claims that his arrest was unconstitutional. He argues — in an approach sounding more in due process than the Fourth Amendment — that the court issuing the warrant failed to follow New Jersey's municipal court rules regarding service. Those rules provide that

> [i]f service is attempted by ordinary mail and the defendant does not appear in court on the first appearance date or does not contact the court orally or in writing by that date, the court subsequently shall send the Complaint-Summons simultaneously by ordinary mail and certified mail with return receipt requested to the defendant's last known mailing address. Service by simultaneous mailing shall not be attempted until a new court date for the first appearance has been set by the municipal court administrator, deputy court administrator, or other authorized court employee.

N.J. Mun. Ct. R. 7:2-4(b)(1). The rules also indicate that "[i]f a defendant who has been served with a summons fails to appear on the return date, an arrest warrant may issue pursuant to law." N.J. Mun. Ct. R. 7:2-2(c).

Johnson argues that the court ignored this regime when it issued a bench warrant for his arrest without making a second attempt at service by mail. And Johnson blames this error on Officer Provenzano's failure to inform the court of the service method. Johnson claims that Officer Provenzano was obligated to do so by Municipal Court Rule 7:2-4(f): "[t]he law enforcement officer serving a summons shall make return of the summons on or before the return date to the court before whom the summons is returnable." Provenzano can be liable for Johnson's ultimate arrest, according to

5

Johnson, based on this omission. The record is silent regarding Officer Provenzano's communications with the court about Johnson's summons.

However, even if Rule 7:2-4(f) means what Johnson suggests (and we need not decide the interpretation), Officer Provenzano cannot be liable for any constitutional violation. A § 1983 claim requires that the state actor was the proximate cause of the plaintiff's harm. Egervary v. Young, 366 F.3d 238, 246 (3d Cir. 2004). As a general matter, the actions of a judicial officer sever the chain of causation between any police conduct and an improper arrest. See id. at 246-47. Although the Supreme Court has held, in dicta, that a police officer is liable for the "natural consequences of his actions," Malley v. Briggs, 475 U.S. 335, 345 n.7 (1986) (quotation marks omitted), we have clarified that this "cryptic" footnote "would appear to preclude judicial action as a superseding cause only in the situation in which the information, submitted to the judge, was deceptive." Egervary, 366 F.3d at 248. Where the judicial officer has not been deceived "but fails to properly apply the governing law and procedures, such error must be held to be a superseding cause, breaking the chain of causation for purposes of § 1983." Id. at 250-51.

There is no indication that the municipal court issued the bench warrant for Johnson's arrest as a result of any deception by Officer Provenzano. Rule 7:2-4(b)(1) places the duty on the municipal court to send out the second mailing when the defendant was served initially by ordinary mail. Thus, if any obligation has gone unfulfilled regarding service, it is that of the court, and such a judicial act precludes Officer Provenzano's liability (under either due process or the Fourth Amendment). And, even if

6

a broken duty by Officer Provenzano could overcome the court's intervening action, Johnson has not alleged anything more than negligence on Provenzano's part. See Berg, 219 F.3d at 274 (requiring intent for a Fourth Amendment claim and deliberate indifference for a due process claim).

Johnson's remaining claims fail as well. The existence of probable cause for the arrest undercuts Johnson's claims against Officer Provenzano for § 1983 false imprisonment, see Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995), state law false arrest and false imprisonment, see Mesgleski v. Oraboni, 748 A.2d 1130, 1138-39 (N.J. Super. Ct. App. Div. 2000), and malicious prosecution, see Brunson v. Affinity Fed. Credit Union, 972 A.2d 1112, 1119 (N.J. 2009). The claims against Officer Provenzano for intentional and negligent infliction of emotional distress are deficient due to the above-described lack of proximate causation. See Buckley v. Trenton Saving Fund Soc., 544 A.2d 857, 863 (N.J. 1988); Decker v. Princeton Packet, Inc., 561 A.2d 1122, 1128 (N.J. 1989). Finally, because Officer Provenzano has committed no constitutional violation, the municipal defendants cannot be liable under § 1983, see Los Angeles v. Heller, 475 U.S. 796, 799 (1986), nor can they be liable for negligent hiring in the absence of proximate causation, see Di Cosala v. Kay, 450 A.2d 508, 516 (N.J. 1982).

IV.

For the foregoing reasons, we will affirm the District Court's order granting summary judgment in favor of the defendants.

7